Dear Mr. Rattler:
You requested the opinion of this office concerning R.S. 49:316 which provides in pertinent part as follows:
 "All banks selected as fiscal agents or depositories for the deposit of funds belonging to the state, or any state agency, shall pay at par and receive on deposit at par all checks and drafts drawn by or in favor of the state or state agency. The bank or banks chosen under a request for proposal process to enter into an agreement to act as the central depository bank may charge such reasonable fees for services rendered to the state treasurer's office as may be agreed upon from time to time. The state or any agency may elect to pay for services rendered either through compensating balances or through the assessment of service or activity charges, or any combination thereof, as may be agreed upon by the state or state agency and the fiscal agent or depository bank." (Emphasis supplied.)
Your question is whether R.S. 49:316 authorizes any state agency to pay for their banking services for any type of bank account either through compensating balances or by direct payment based on an invoice for services provided. You verbally advised that your request also pertained to the types of entities which were affected by this statute.
It is the opinion of this office, based upon the above quoted language, that the state or a state agency may elect to pay for banking services through either compensating balances or through service charges.
It is further the opinion of this office that R.S. 49:316 applies to "state depositing authorities" as such term is defined in R.S. 49:319 to mean "the state treasurer, and other elected state officials or any department, board, commission, or institution of the state". R.S. 49:316 would not apply to entities governed by the local depository or fiscal agency laws, R.S.39:1211, et seq., which would include "parishes, municipalities, boards, commissions, sheriffs and tax collectors, judges, clerks of court, and any other public bodies or officers of any parish, municipality or township".
Trusting this adequately responds to your request, I remain
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: MARTHA S. HESS Assistant Attorney General